### CUFF v. NINETY-FIVE TONS OF COAL.[1]

*(District Court, E. D. New York. June 10, 1891.)*

1. SHIPPING—LIEN FOR FREIGHT—WAIVER OF LIEN—WHAT CONSTITUTES—INTENT.

A delivery of cargo subject to a lien for freight, made to a person liable to pay the freight, will not be held to be a waiver of the lien for freight unless facts appear from which it can be found that the act of delivering the cargo was accompanied with an intention to waive the lien for freight. *Costello* v. *Laths*, 44 Fed. Rep. 105.

2. SAME—EVIDENCE OF INTENT.

When a master began to deliver cargo, but demanded his freight before the unloading of the cargo was completed, and when the freight was not paid stopped the delivery, and then, continuing, made special delivery of the remainder subject to the lien for freight, *held*, that this was not sufficient to show an intent to abandon the lien.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

In Admiralty. Suit to enforce a lien.
*Goodrich, Deady & Goodrich,* for libelant.
*Wing, Shoudy & Putnam,* for claimant.

BENEDICT, J. This is an action to enforce a lien for freight and demurrage. The defense as to the freight is that the lien for freight was waived. The defense as to the demurrage is that no detention was caused by the consignee of the cargo. In the case of *Costello* v. *Laths,* 44 Fed. Rep. 105, the decision of this court was that a delivery of cargo subject to a lien for freight, made to the person liable to pay the freight, will not be held to be a waiver of the lien for freight unless facts appear from which it can be found that the act of delivery of the cargo was accompanied with an intention to waive the lien for freight. Following the reasoning of that case, the question here is whether it appears that the act of delivering this coal was accompanied with an intention on the part of the master of the vessel to waive the lien for freight. In my opinion it does not so appear. The fact is proved that the master demanded his freight before the unloading of the cargo was completed, and when the freight was not paid he stopped the delivery; then, going on, he made special delivery of the remainder subject to the lien for freight. This is sufficient, in my opinion, to show that the master at no time intended to abandon his lien. There must therefore be a decree entered for the libelant for the amount of the freight, with interest and costs. As to demurrage, I do not think a case of liability for detention of the vessel is made out.